IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 24 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| ATOS IT SOLUTIONS & SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:16-CV-1155-A |
| ANGIEL ELECTRICAL CONSTRUCTION CORPORATION, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Eaton Corporation ("Eaton") to dismiss. The court, having considered the motion, the response of plaintiff, Atos IT Solutions & Services, Inc., the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On December 21, 2016, plaintiff filed its complaint in this action against Eaton and two other defendants, Angiel Electrical Construction Corporation ("Angiel"), and Summit Electric Supply Co., Inc. ("Summit"), for breach of contract, breach of implied warranty of fitness for a particular purpose, breach of written express warranty, breach of implied warranty of good and workmanlike manner, and negligence. Plaintiff says that in April 2013, it contracted with Angiel to refurbish its generator main

breaker for its Arlington, Texas Data Center. Angiel requested the reconditioning from Eaton. Summit was contracted by Eaton to refurbish the defective power circuit breaker for plaintiff. In December 2013, it was discovered[1] that the power circuit breaker did not close. Eaton's technician support was called to assist Angiel. Eaton then contacted Summit to request a technician to go to plaintiff's data center to troubleshoot problems with the rebuilt power circuit breaker. On February 12, 2014, Eaton advised Angiel that the power circuit breaker issue had been resolved and that the problems had stemmed from a defective switch in the breaker. On February 26, 2014, it was discovered[2] that Eaton had set the power circuit breaker to minimum settings, causing the entire data center to be "dumped" and triggering a far-reaching power outage causing damage to plaintiff of at least $1,271,235.06.

II.

Grounds of the Motion

Eaton says that each of plaintiff's claims against it should be dismissed. First, there was no contractual agreement between plaintiff and Eaton. Second, there was no sale of goods by Eaton

---

[1] Plaintiff's complaint is very difficult to follow as plaintiff stretches to make it appear that it had contacts with subcontractors. As best the court can tell, when plaintiff alleges "it was discovered," plaintiff means that Angiel made the discoveries.

[2] Id.

2

and thus no implied warranty of fitness for a particular purpose. Third, there was no agreement or warranty between plaintiff and Eaton and any subsequent representation Eaton made could not have been the basis of any bargain. Fourth, there is no implied warranty of good and workmanlike services for professional services as at issue here. And, fifth, plaintiff's negligence claim is barred by limitations.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are

3

unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir.

4

1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A.  Breach of Contract

Eaton first argues that plaintiff cannot pursue a claim for breach of contract against Eaton as there was no contractual agreement between the two. Lawyers Title Ins. Corp. v. Doubletree Partners, L.P., 739 F.3d 848, 858 (5th Cir. 2014); Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 636 (Tex. App.-Houston [1st Dist.] 2002, pet. denied). In response, plaintiff relies on Chapman Custom Homes, Inc. v. Dallas Plumbing Co., 445 S.W.3d 716 (Tex. 2014), which holds that an owner may sue a subcontractor with whom it had no privity of contract for damages caused by the subcontractor's negligence. Chapman does not say that the owner may sue the subcontractor for breach of contract. Accordingly, this ground of the motion will be granted.

5

B.  <u>Implied Warranty of Fitness for a Particular Purpose</u>

The implied warranty of fitness for particular purpose arises where a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. Tex. Bus. & Com. Code § 2.315. Eaton argues that plaintiff cannot proceed with a claim for breach of the implied warranty of fitness for a particular purpose as the transaction at issue does not involve the sale of goods, but rather services. Eaton additionally argues that plaintiff has failed to allege that Eaton knew of any particular purpose and that plaintiff was relying on Eaton to select suitable goods for the purpose. <u>Sipes v. Gen. Motors Corp.</u>, 946 S.W.2d 143, 158-59 (Tex. App.-Texarkana 1997, writ denied).

In response, plaintiff refers to after-action reports showing that component parts were replaced at times when repairs were being attempted. However, as Eaton notes, replacement of the particular parts mentioned was not the gist of the assignment. Eaton was to refurbish a generator main breaker, not to select and provide a refurbished generator main breaker. In other words, Eaton was to perform a service-the refurbishing. The dominant factor was not a sale of goods, but rather services. Hence, the implied warranty of fitness for particular purpose does not

6

arise. Dunn v. Admiralty Marine & Structural Eng'g, Inc., No. H-12-3643, 2014 WL 3749774, at *9 (S.D. Tex. July 29, 2014); Tex. Dev. Co. v. Exxon Mobil Corp., 119 S.W.3d 875, 881 (Tex. App.-Eastland 2003, no pet.).

C. Breach of Express Warranty

Eaton contends that there was no express warranty because there was no contract between it and plaintiff and plaintiff has not so pleaded. Further, Eaton made no express representation that became a basis of the bargain. Humble Nat'l Bank v. DCV, Inc., 933 S.W.2d 224, 233 (Tex. App.-Houston [14th Dist.] 1996, writ denied). And, plaintiff has not pleaded reliance on any representation by Eaton as the basis of a bargain.

In response, plaintiff notes that privity of contract is not required to pursue an express warranty claim. PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship, 146 S.W.3d 79, 88 (Tex. 2004). However, plaintiff fails to explain how any purported express warranty became the basis of a bargain. Plaintiff refers to notations in a "Reconditioned Low Voltage Breaker" report showing that certain parts were replaced. It also refers to an email reciting that "issues with the circuit breaker '[were] resolved today'." These representations are not warranties, but merely refer to events that have taken place, primarily that repairs were made. Thus, this claim must be dismissed.

7

D.  <u>Implied Warranty of Good and Workmanlike Services</u>

Eaton argues that Texas law does not recognize a cause of action for breach of implied warranty for professional services. <u>Murphy v. Campbell</u>, 964 S.W.2d 265, 268-69 (Tex. 1997). And, again, Eaton argues that the lack of privity between it and plaintiff forecloses the claim. As plaintiff notes, privity is not required under Texas law. See <u>Melody Home Mfg. Co. v. Barnes</u>, 741 S.W.2d 349 (Tex. 1987); <u>Nobility Homes of Tex., Inc. v. Shivers</u>, 557 S.W.2d 77, 80-81 (Tex. 1977). And, the implied warranty of good and workmanlike manner applies to repair or modification services.[3] <u>Melody</u>, 741 S.W.2d at 354. So, arguably, plaintiff has stated a claim for breach of this implied warranty. However, plaintiff acknowledges that it cannot recover on the implied warranty theory if there is another adequate remedy to redress Eaton's wrong. <u>Parkway Co. v. Woodruff</u>, 901 S.W.2d 434, 440 (Tex. 1995). It argues that it should be allowed to pursue this claim in the event that its negligence claim is barred by limitations. But, plaintiff does not cite any authority in support of that proposition and the court is aware of none. Because a negligence claim would provide an adequate remedy,

---

[3] The court notes that the implied warranty is available to consumers suing under the Texas Deceptive Trade Practices-Consumer Protection Act. <u>Melody Home Mfg. Co. v. Barnes</u>, 741 S.W.2d 349, 354 (Tex. 1987). The court questions whether plaintiff meets the definition of a consumer under the Act, but need not make that determination.

8

Texas law would not recognize a cause of action for breach of implied warranty. Thus, this claim must be dismissed.

E.  Negligence

Finally, Eaton asserts that plaintiff's negligence claim is barred by limitations as it was filed more than two years after the events giving rise to the claim. Tex. Civ. Prac. & Rem. Code § 16.003; TIG Ins. Co. v. Aon Re, Inc., 521 F.3d 351, 354-55 (5th Cir. 2008). Limitations may support dismissal of a claim where the pleadings fail to raise any basis for tolling or the like. Jones v. Alcoa, Inc., 339 F.3d 359, 365 (5th Cir. 2003).

In this case, plaintiff has not pleaded any facts in its complaint to address limitations. Nor has it sought leave to amend in order to assert such facts. Instead, plaintiff argues that limitations should be tolled based on representations made to it in connection with an earlier action in this court involving defendants and the same claims asserted here, No. 4:15-CV-634-Y. However, the only cases it cites pertain to fraudulent concealment by defendants as a basis for tolling limitations. See, e.g., Mellon Serv. Co. v. Touche Ross & Co., 17 S.W.3d 432, 436 (Tex. App.-Houston [1st Dist.] 2000, no pet.); Advent Trust Co. v. Hyder, 12 S.W.3d 534, 541 (Tex. App.-San Antonio 1999, pet. denied). But, based on plaintiff's own allegations in its complaint, it was well-aware of its claims from the moment they

9

arose. Within two months of the data dump, plaintiff's counsel sent demand letters for reimbursement of damages. As this claim was filed more than two years after the events giving rise to it occurred, the claim is barred by limitations.

V.

Order

The court ORDERS that Eaton's motion to dismiss be, and is hereby, granted, and plaintiff's claims against Eaton be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Eaton.

SIGNED February 24, 2017.

_____
JOHN McBRYDE
United States District Judge