U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 2 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ATOS IT SOLUTIONS & SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:16-CV-1155-A |
| ANGIEL ELECTRICAL CONSTRUCTION CORPORATION, ET AL., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Angiel Electrical Construction Corporation ("Angiel") to dismiss. The court, having considered the motion, the response of plaintiff, Atos IT Solutions & Services, Inc., the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

Plaintiff's Claims

Plaintiff alleges that by purchase order 8164, dated January 5, 2013, plaintiff requested from Angiel a "MSB-A generator main breaker refurbishment." Doc.[1] 1 at 4, ¶ 19 and Ex. A. And, by letter dated April 16, 2013, Angiel advised plaintiff that Angiel would pick up the damaged MSB-A generator main breaker to have it refurbished for $9,496.00. Doc. 1 at 5, ¶ 22 and Ex. D. The

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

rebuilt generator breaker ultimately failed and plaintiff suffered damage as a result.

Plaintiff sues Angiel for breach of contract, breach of implied warranty of fitness for a particular purpose, breach of written express warranty, breach of implied warranty of good and workmanlike manner, and negligence.

## II.

## Grounds of the Motion

Angiel says that each of plaintiff's claims against it should be dismissed. Angiel first contends that its only responsibility was to pick up the damaged generator breaker and ship it to Eaton to be refurbished, then redeliver it back to the data center. Thus, the breach of contract claim fails. Second, there was no implied warranty of fitness for particular purpose. Third, Angiel did not make or breach any express warranty. Fourth, plaintiff does not allege a breach of implied warranty of good and workmanlike services by Angiel. And, fifth, plaintiff's negligence claim is time-barred.

## III.

## Applicable Legal Principles

The applicable legal principles are set forth in the court's memorandum opinion and order of February 24, 2017, and need not be repeated here.

IV.

Analysis

A. Breach of Contract

Angiel asserts that it did not breach a contract with plaintiff, because all it agreed to do was to pick up and ship the damaged generator main breaker, then return it to plaintiff's data center. The allegations in the complaint and the documents attached to it make clear that there was some kind of agreement between plaintiff and Angiel. At this point, the court cannot consider facts outside the record to interpret the contract. Nor can the court resolve any ambiguities as to the terms of the contract. Moreover, at this point it is not clear whether the generator was not correctly refurbished or whether subsequent actions after its return to plaintiff caused the damage to plaintiff. It may well be that Angiel can establish that it did not breach its contract with plaintiff, but that is a matter for trial or summary judgment. Plaintiff has stated a claim for breach of contract.

B. Breach of Implied Warranty for Particular Purpose

Angiel maintains that there could have been no implied warranty of fitness for a particular purpose because the gist of the agreement was the provision of refurbishment services. In other words, the contract was not primarily for the sale of goods

so the implied warranty does not arise. Alternatively, Angiel says that plaintiff does not allege that the breaker was to be used for any particular purpose beyond the ordinary.

In response, plaintiff says that the purchase order establishes that "a contract for sale was made." Doc. 33 at 7. However, when all of the attachments to the complaint are considered, clearly the gist of the assignment was the refurbishment, i.e., provision of services. Hence, as stated in the February 24, 2017, memorandum opinion and order, the implied warranty of fitness for particular purpose does not arise. Doc. 31 at 6-7. And, in fact, the purchase order itself reflects that Angiel was not tasked with selecting goods to perform a particular function. Rather, the item has already been identified and Angiel is to obtain its refurbishment.[2]

C. <u>Express Warranty</u>

Angiel maintains that the contract between it and plaintiff does not contain any express warranty. More importantly, the only express warranties pleaded by plaintiff are an alleged warranty created by Eaton Corporation's written report titled

---

[2]As Angiel notes in its reply, the papers plaintiff has attached to the complaint indicate that the purchase order itself is not the contract, but an offer modified at least by the April 16, 2013, letter from Angiel. At this point, the parties' intent cannot be determined. See BASF Corp. v. Man Diesel & Turbo N.A., Inc., No. 13-42-JWD-RLB, 2016 WL 5817159, at *12 (M.D. La. Sept. 30, 2016); Operating Technical Electronics, Inc. v. Generac Power Sys., Inc., No. 4:12-CV-345-Y, 2014 WL 11498165 (N.D. Tex. Mar. 11, 2014).

4

"Reconditioned Low Voltage Breaker," Doc. 1 at 10, ¶51, and a subsequent email by Eaton saying that an issue was resolved. Doc. 1 at 11, ¶ 52. As the court noted in the February 24 memorandum opinion and order, the referenced representations merely refer to events that have taken place and could not have been the basis of any bargain. Doc. 31 at 7. Plaintiff apparently agrees, as it has not responded to this ground of the motion.

D.  Breach of Implied Warranty of Good and Workmanlike Services

Angiel says that plaintiff has not pleaded that Angiel itself breached any implied warranty, but rather that Eaton's services were not proficient. Doc. 12 at 8 (citing Doc. 1 at 11, ¶ 56). Plaintiff responds that pursuant to the purchase order, Angiel was responsible for the refurbishment of the breaker. Doc. 33 at 7. At this point, the court cannot conclude that plaintiff has failed to state a claim. However, as discussed in the February 24 memorandum opinion and order, the court is satisfied that such a claim cannot be pursued if there is another adequate remedy to redress the wrong. And, because the contract claim or the negligence claim would provide an adequate remedy, Texas law would not recognize a cause of action for breach of implied warranty. Doc. 31 at 8-9. Accordingly, the claim must be dismissed.

E.  Negligence

Finally, Angiel says that plaintiff's negligence claim is barred by limitations. And, plaintiff does not make any different argument than it made in response to Eaton's motion, addressed in the February 24 memorandum opinion and order. For the reasons discussed therein, plaintiff's negligence claim is barred and must be dismissed. Doc. 31 at 9-10.

V.

Order

The court ORDERS that Angiel's motion to dismiss be, and is hereby, granted in part, and plaintiff's claims against Angiel for breach of implied warranty for particular purpose, express warranty, breach of implied warranty of good and workmanlike services, and negligence be, and are hereby, dismissed. The court further ORDERS that the motion be, and is hereby, otherwise denied.

SIGNED March 2, 2017.

_____
JOHN McBRYDE
United States District Judge